UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EDWARD G. NEWMAN JR., individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AECIQ, a California corporation,<br><br>　　　　Defendant. | No. 2:24-cv-1204 WBS AC<br><br>ORDER RE: MOTION TO MODIFY SCHEDULING ORDER[1] |

----oo0oo----

Before the court is plaintiff Edward G. Newman Jr.'s motion (Docket No. 16) to modify the scheduling order (Docket No. 14). Plaintiff seeks to modify the deadlines for fact discovery and filing motions as well as the dates for the pretrial conference and jury trial in the court's scheduling order. (Docket No. 16.) Defendant AECIQ opposes only extending

---

[1] The motion is decided on the papers without oral argument pursuant to Local Rule 230(g). The scheduled **April 28, 2025** hearing on the motion is hereby VACATED.

1

the deadlines related to discovery.  (Docket No. 17.)

The pretrial scheduling order set the discovery deadline on March 18, 2025; the motion filing deadline on May 16, 2025; the pretrial conference on July 28, 2025; and the trial on September 30, 2025.  (Docket No. 14 at 2-4.)  Plaintiff proposes moving the discovery deadline to June 16, 2025; the motion filing deadline to August 18, 2025; the pretrial conference to November 17, 2025; and the trial to January 27, 2026.  (Docket No. 16 at 4.)[2]

In his motion, plaintiff states that he "requires additional time in which to compel responses [to discovery requests] from defendant and to take defendant's deposition after the production of documents prior to class certification." (Docket No. 16 at 2 (capitalization altered).)  Plaintiff explains that he needs this additional time because plaintiff gave defendant "repeated extensions" and made "repeated attempts . . . to obtain a response to whether defendant would provide substantive discovery responses."  (Id.)

In opposition, defendant asserts that plaintiff is to blame for his own lack of time since he did not timely file a motion to compel.  (See Docket No. 17 at 2-3.)  However, defendant does not dispute plaintiff's representations that its conduct delayed discovery.

Federal Rule of Civil Procedure 16(b)(4) provides that the court may modify its scheduling order "only for good cause."

---

[2] The deadlines for expert disclosure and production of expert reports have already passed (see Docket No. 14 at 2-3), and the parties do not address those deadlines in their briefing.

2

1 | Fed. R. Civ. P. 16(b)(4).  This standard "primarily considers the
2 | diligence of the party seeking the amendment."  Cont. Assocs.
3 | Off. Interiors, Inc. v. Ruiter, No. 07-cv-334 WBS EFB, 2008 WL
4 | 2420586, at *1 n.1 (E.D. Cal. June 12, 2008) (quoting Johnson v.
5 | Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992)).
6 | "Although the focus of the inquiry is on the moving party's
7 | diligence, 'the existence or degree of prejudice to the party
8 | opposing the modification might supply additional reasons to deny
9 | a motion.'"  Id.; see also Fed. R. Civ. P. 16(b)(4) advisory
10 | committee's note to 1983 amendment ("[T]he court may modify the
11 | schedule on a showing of good cause if it cannot reasonably be
12 | met despite the diligence of the party seeking the extension.")
13 |       Plaintiff has shown the requisite diligence to modify
14 | the scheduling order.  See Johnson, 975 F.2d at 608-09.
15 | Plaintiff indicates that defendant ignored multiple requests to
16 | conduct discovery, which led to delays and contributed to
17 | plaintiff's inability to meet the discovery deadlines.  (See
18 | Docket No. 16 at 2-3.)  Moreover, defendant does not identify any
19 | reason that extending the discovery deadlines will prejudice it.
20 | (See Docket No. 17 at 2-4.)  Thus, the court finds good cause to
21 | modify the scheduling order.
22 |       IT IS THEREFORE ORDERED that plaintiff's motion (Docket
23 | No. 16) to modify the scheduling order (Docket No. 14) be, and
24 | the same hereby is, GRANTED as follows:
25 |       All discovery, including depositions for preservation
26 | of testimony, is left open, save and except that it shall be so
27 | conducted as to be completed by **June 16, 2025.**  All motions to
28 | compel discovery must be noticed on the magistrate judge's

calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than **June 16, 2025.**

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before **August 18, 2025.**

The Final Pretrial Conference is set for **November 17, 2025,** at 1:30 p.m. in Courtroom No. 5.

The jury trial is set for **January 27, 2026,** at 9:00 a.m.

All other matter in the court's prior scheduling order (Docket No. 14) remains unchanged.

Dated: April 23, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4