Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, Florida 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARD G NEWMAN JR.,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**AECIQ**,<br><br>*Defendant,* | Case No. 2:24-cv-01204-WBS-AC<br><br>**Joint Statement re Discovery Disagreement**<br><br>Hearing Date: June 4, 2025<br>Time: 10:00 a.m.<br>Location: Courtroom 26, 8th Flr<br><br>**Judge: Hon. William B. Shubb**<br>**Magistrate Judge: Hon. Allison Claire** |

Pursuant to L.R. 251 and Plaintiff's Notice of Motion and Motion to Compel (ECF No. 20), the parties set forth their Joint Statement re Discovery Disagreement as follows:

(1)     The details of the conference or conferences.

On January 20, 2025, the parties conferred telephonically regarding Defendant's responses to Plaintiff's discovery. That same day, Plaintiff's counsel followed up with an email confirming the meet and confer and setting out the items that Defendant indicated either would be produced or about which they would provide their position. Despite repeated follow-up and requests to further confer, Defendant failed to provide its position regarding the outstanding discovery issues or produce the documents that were agreed to be produced during the initial meet and confer.

On April 29, 2025, after the Court extended the deadline for discovery, Plaintiff requested by email that Defendant identify any discovery responses it intended to amend or supplement. The first substantive response to this request was included in Defendant's position as to each set of requests below, which was provided on May 21, 2025.

(2)     A statement of the nature of the action and its factual disputes insofar as they are pertinent to the matters to be decided and the issues to be determined at the hearing.

This is a Telephone Consumer Protection Act putative class action. Plaintiff received prerecorded voicemails from Defendant without consent.

(3) <u>The contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof.</u>

The areas of dispute are discussed below with reference to the relevant discovery requests. Notably, the responses to Plaintiff's interrogatories are unverified as Defendant failed to provide a substantive response to any interrogatory. And, despite responding that Defendant would produce documents related to Plaintiff or his telephone number, Defendant has failed to produce even these fundamental documents. Given the large number of requests subject to Plaintiff's motion to compel, the discovery requests and responses are attached hereto as Exhibits 1 and 2, respectively, which can be divided into the following categories by subject matter.

**Call logs (Interrog. No. 1 and RFP Nos. 4, 7, 23)**

**Plaintiff**: Plaintiff is seeking records of pre-recorded calls to potential class members. Defendant's call logs are relevant to demonstrating the requirements for class certification, including commonality and numerosity, and Courts regularly compel defendants to produce call logs in TCPA class actions notwithstanding boilerplate objections like Defendant's here. *See, e.g., Mbazomo v. ETourandTravel, Inc.*, No. 2:16-cv-02229-SB, 2017 U.S. Dist. LEXIS 82411, at *13-15 (E.D. Cal. May 26, 2017) ("2. Discovery Issue #2: Defendant's Call Logs, Dial Lists, Etc.

-3-

Plaintiff requested 'ALL call logs, dialing lists, DATABASE(s), DOCUMENTS and/or ESI identifying or listing the names, addresses, telephone numbers, and/or email addresses of CALL RECIPIENTS, including historical copies of any such DATABASES or any other DOCUMENTS showing, or which can be used in reconstructing, the history of any such DATABASES during the CLASS PERIOD.' Defendant objected, as irrelevant for class certification, and therefore overbroad, not proportional to the needs of the case, on privacy grounds, that 'DATABASES' is ambiguous, and that the information sought is protected by attorney client privilege or other privileges.

Even if discovery had been phased, the Court agrees with the weight of authority on this matter that call logs and dialing lists are 'relevant to [the] commonality' prong of the class certification inquiry. *Webb v. Healthcare Revenue Recovery Grp. LLC*, No. C. 13-00737 RS, 2014 U.S. Dist. LEXIS 11091, 2014 WL 325132, at *3 (N.D. Cal. Jan. 29, 2014). The requested list would also be relevant to Plaintiff's need to show numerosity. …

There is no showing that the relative burden is so high in this case, while the relevance of the information remains the same. … Since Plaintiff must prove this element, she should have the opportunity to conduct proportional discovery on it. Though the Court is sympathetic to the burden concerns of producing enormous and lengthy data files, the ability to do so via csv and spreadsheet-ready data files

reassures the Court that the request is proportional to the needs of the case, especially given that Defendant may rely on these same files to establish defenses.

As discussed above, the privacy concerns present are outweighed by Plaintiff's need, and that conclusion is unremarkable given the conclusions of other courts. Defendants are **ORDERED** to produce the materials requested through Request for Production No. 9.").

**Defendant**: Defendant stands on its objections to this category of requests, and the specific requests identified herein. Moreover, Defendant objects to the production of the information requested by these requests at this time as premature. Subject to and without waiving its objections, to the extent a class is certified in this action, Defendant will agree to conduct a search for information that may be used to identify potential class members to the extent such information is available.

**Vendors (Interrog. Nos. 1, 2, 3, 4 and RFP No. 4, 17, 19, 20, 21, 36)**

**Plaintiff**: Plaintiff is seeking the identity and documents and communications regarding the lead vendor, dialing platform provider, and third party marketer involved in the calls to Plaintiff. These parties will have discoverable information relating to the call logs and any potential consent to make the calls. Additionally, to the extent a third party marketer was involved in making the calls, these requests are relevant to Defendant's vicarious liability. As a result, courts regularly compel

defendants in TCPA actions to identify and produce documents and communications relating to third parties involved in potentially violative calls. *See, e.g., Mbazomo*, 2017 U.S. Dist. LEXIS 82411, at *24 (compelling the defendant to respond respond to requiring it to "'IDENTIFY ALL third party companies (including affiliates, marketing companies, consultants, agents or lead generators) who provided YOU, or anyone acting on YOUR behalf, with telephone numbers or calling lists used to make any CALLS during the CLASS PERIOD'"; and to produce "'ALL contracts or agreements in which a third party company (including affiliates, marketing companies, consultants, agents or lead generators) agreed to provide YOU telephone numbers or dialing lists to CALL during the CLASS PERIOD'; and 'ALL COMMUNICATIONS with any company identified in YOUR response to Interrogatory No. 11, or with any other third party company who provided YOU telephone numbers or dialing lists to CALL during the CLASS PERIOD.'").

**Defendant:** Defendant stands on its objections to this category of requests, and the specific requests identified herein. Subject to and without waiving its objections, as it relates to those requests which seek information specifically regarding any "lead vendor, dialing platform provider, and third party marketer involved in the calls to Plaintiff," Defendant will supplement its response(s) to the appropriate request(s).

**Complaints/DNC requests (Interrog. Nos. 1, 7 and RFP Nos. 23, 28)**

**Plaintiff**: Plaintiff is seeking documents and information regarding complaints and DNC requests arising from telemarketing calls by Defendant. These are relevant to whether damages should be trebled under the TCPA, and to Defendant's consent defense, and, as result, courts regularly compel their production in TCPA class actions. *See, e.g., Mbazomo*, 2017 U.S. Dist. LEXIS 82411, at *15-17 ("3. Discovery Issue #3: Documents Concerning Do-Not-Call Requests. … Do-Not-Call lists also implicate Defendant's defense that it called people who consented to calls, and whether any alleged violations of the TCPA were willful or knowing. Defendant raises objections on relevancy, burden, and confidentiality. ECF No. 22 at 28:16-26. However, much of the same considerations for Discovery Issue #2 inform the Court's reasoning on this issue. A Do-Not-Call list is relevant to the issue of consent, where plaintiffs must prove that calls were made without prior, express consent. See, e.g., 47 U.S.C. § 227(b)(1)(B).").

**Defendant**: Defendant stands on its objections to this category of requests, and the specific requests identified herein. Subject to and without waiving its objections, Defendant is willing to meet and confer with counsel to identify whether the parties can agree to a limited time and scope for Defendant to conduct a search for whether any such documents exist.

**Consent (Interrog. Nos. 8, 9 and RFP Nos. 8-16)**

**Plaintiff**: Plaintiff is seeking any records Defendant contends supports its consent defense for its calls to potential class members. To the extent that Defendant claims it has consent to make the calls at issue, Plaintiff is entitled to documents evidencing the defense. *See, e.g., Mbazomo*, 2017 U.S. Dist. LEXIS 82411, at *18-19 ("Plaintiff seeks these documents in order to counter Defendant's stated affirmative defense of consent. Plaintiff reports that the parties reached a compromise of allowing the use of search terms and ESI protocols for requested communications, and the use of exemplars of consent records and other documents Defendant could use to establish a consent defense. … The Court approves of the production of exemplars of each method Defendant will use to establish affirmative consent. The Court also concludes that the existence or use of communications regarding the proposed ESI search terms are a proportionate and reasonable compromise to identify any communications that discuss how Defendant obtains consent. Such documents are relevant for purposes of class certification.").

**Defendant**: Defendant stands on its objections to this category of requests, and the specific requests identified herein. Subject to and without waiving its objections, Defendant is willing to meet and confer with counsel to identify whether the parties can agree to a limited time and scope for Defendant to conduct a search for whether any such documents exist.

**Policies and procedures (Interrog. No. 10 and RFP Nos. 5, 27)**

**Plaintiff**: Plaintiff is seeking policies and procedures relating to telemarketing. These are relevant to damages and Defendant's potential vicarious liability for the acts of any third parties involved in making the calls. *See, e.g., Mbazomo*, 2017 U.S. Dist. LEXIS 82411, at *21-23 (compelling production of communications relating to policies and procedures after the defendant voluntarily produced the policies and procedures).

**Defendant**: Defendant stands on its objections to this category of requests, and the specific requests identified herein. Subject to and without waiving its objections, Defendant will produce any documents in its possession which may be responsive to this category of requests.

**Plaintiff (RFP No. 3)**

**Plaintiff**: Plaintiff seeks the production of documents related to Plaintiff or his telephone number responded, which Defendant stated it would produce. However, to date, Defendant has failed to produce any responsive documents.

**Defendant**: Defendant stands on its objections to this category of requests, and the specific requests identified herein. Subject to and without waiving its objections, Defendant will produce any documents in its possession which may relate to Plaintiff.

**Recordings (RFP Nos. 4, 18)**

**Plaintiff**: Plaintiff is seeking exemplars of any recorded messages that have been transmitted during calls. These are relevant to commonality and typicality and to otherwise evidence that prerecorded messages were used and their content.

**Defendant**: Defendant stands on its objections to this category of requests, and the specific requests identified herein. Subject to and without waiving its objections, Defendant will produce any documents in its possession which may be responsive to this category of requests and relate to Plaintiff.

DATED this May 21, 2025                Respectfully submitted,

By: */s/ Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Classes*

By: */s/ Adam D. Brownrout*
Adam D. Brownrout (SBN 323846)
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659

Telephone: +1 415 659 5978
Facsimile: +1 415 391 8269

*Attorneys for Defendant*
*AECIQ, a California Corporation*