1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| EDWARD G. NEWMAN, JR., | No. 2:24-cv-1204 WBS AC |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| AECIQ, | |
| Defendant. | |

This matter is before the court on a motion to compel brought by plaintiff. ECF No. 20. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The parties submitted the required joint statement. ECF No. 21. The matter was heard before the court on June 4, 2025. ECF No. 24. For the reasons set forth below, the motion to compel is GRANTED.

**I.    Relevant Background**

Plaintiff filed this putative class action on April 26, 2024, alleging that defendant has violated the Telephone Consumer Protection Act ("TCPA") by placing pre-recorded calls without consent to cellular telephone numbers. ECF No. 1 at 1. A pretrial scheduling order was issued on August 30, 2024, setting a discovery deadline of March 18, 2025. ECF No. 14. The scheduling order was modified on April 24, 2024, and the discovery deadline was re-set to June 16, 2025. ECF No. 19. The deadline for all pretrial motions is August 18, 2025. Id. A motion for class

1

certification has not yet been filed.

## II. Motion to Compel

Plaintiff moves to compel further responses to numerous Interrogatories and Requests for Production. Although the parties attempted to meet and confer, plaintiff states that defendant has continuously failed to produce responsive documents, even after confirming productions would be made. ECF No. 21 at 3. The full contents of defendant's responses to plaintiff's interrogatories can be located at ECF No. 21-2 at 1-10, and the full contents of defendant's responses to plaintiff's requests for production can be located at ECF No. 21-2 at 11-30. The discovery at issue is organized by category in the joint statement.

### A. Applicable Legal Standards

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

2

B. <u>Call Logs (Interrogatory No. 1; RFP Nos. 4, 7, 23)</u>

Plaintiff seeks records of pre-recorded phone calls, asserting this information is relevant to demonstrating the requirements for class certification. ECF No. 21 at 3-4. Defendant states that it "stands on its objections" to this category of requests and specifically argues that the discovery is premature. <u>Id.</u> at 5. Defendant states that it will conduct a search after a class is certified in this case. <u>Id.</u>

The court has reviewed the objections on which defendant stands and finds them to be wholly inadequate and boilerplate. Parties responding to discovery requests must do so with specificity, which includes making particularized objections. See <u>DIRECTV, Inc. v. Trone</u>, 209 F.R.D. 455, 458 (C.D. Cal. 2002). A responding party's burden is not met by providing generalized or conclusory boilerplate objections. See <u>F.T.C. v. AMG Servs., Inc.</u>, 291 F.R.D. 544, 553 (D. Nev. 2013). Defendant's objections in this case do not satisfy the requirements of federal discovery practice. For example, plaintiff's RFP No. 23 seeks documents containing specific information about outbound calls made by defendant or its vendors. ECF No. 21-2 at 24. Defendant objects that the RFP is "not reasonably calculated to lead to the discovery of admissible evidence" and "untethered to the allegations in Plaintiff's Class Action Complaint." These objections seriously strain defendant's credibility; plaintiff seeks information, in a putative class action about calls that violate the TCPA, about defendant's outbound calls. The RFP is very obviously related to the claims in the complaint and calculated to produce admissible evidence. Defendant's objections are non-specific, boilerplate, and nonresponsive.

Additionally, this discovery is not premature. To the contrary, the close of discovery fast approaches. "Generally at the pre-class certification stage, discovery in a putative class action is limited to certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class." <u>Gusman v. Comcast Corp.</u>, 298 F.R.D. 592, 595 (S.D. Cal. 2014). The Supreme Court has noted, however, that the class certification decision requires "a rigorous analysis" of Rule 23(a)'s prerequisites, and "[s]uch an analysis will frequently entail overlap with the merits of the plaintiff's underlying claim." In this case, discovery has not been ordered phased or bifurcated, so the parties have

3

always been free to conduct discovery both as to class certification issues and as to the merits of claims and defenses. Defendant's conclusory argument provides no legal basis whatsoever for delaying any subset of discovery until after a class is certified. The operative scheduling order does not provide for such a process. The requested discovery would not be premature even if discovery had been phased, because the questions at issue plainly go to certification. The motion to compel will be granted and defendant ordered to fully and expeditiously respond to all discovery requests at issue.

C. Vendors (Interrog. Nos. 1, 2, 3, 4 and RFP No. 4, 17, 19, 20, 21, 36)

With these discovery requests, plaintiff seeks the identity of, as well as documents and communications regarding, the lead vendor, dialing platform provider, and third party marketer involved in the calls to plaintiff. ECF No. 21 at 6. Defendant responds, "Subject to and without waiving its objections, as it relates to those requests which seek information specifically regarding any 'lead vendor, dialing platform provider, and third party marketer involved in the calls to Plaintiff,' Defendant will supplement its response(s) to the appropriate request(s)." Id. Defendant raises no specific objections to these discovery requests and as stated above, the boilerplate objections are insufficient. The motion to compel will be granted and defendant ordered to fully and expeditiously respond to all discovery requests at issue.

D. Complaints/DNC requests (Interrog. Nos. 1, 7 and RFP Nos. 23, 28)

With these discovery requests, plaintiff seeks documents and information regarding complaints and DNC requests arising from telemarketing calls by defendant. ECF No. 21 at 7. Defendant states that "Subject to and without waiving its objections, Defendant is willing to meet and confer with counsel to identify whether the parties can agree to a limited time and scope for Defendant to conduct a search for whether any such documents exist." Id. This noncommittal response is meaningless in light of the closely approaching discovery deadline. The motion to compel will be granted and defendant ordered to fully and expeditiously respond to all discovery requests at issue.

E. Consent (Interrog. Nos. 8, 9 and RFP Nos. 8-16)

Through this discovery plaintiff seeks any records defendant contends supports its consent

1  defense for its calls to potential class members.  Plaintiff asserts that to the extent defendant
2  claims it has consent to make the calls at issue, plaintiff is entitled to documents evidencing this
3  defense.  ECF No. 21 at 8.  Defendant responds that it stands on its objections, and "[s]ubject to
4  and without waiving its objections, Defendant is willing to meet and confer with counsel to
5  identify whether the parties can agree to a limited time and scope for Defendant to conduct a
6  search for whether any such documents exist."  Id.  Again, this noncommittal response is
7  meaningless in light of the closely approaching discovery deadline.  The motion to compel will be
8  granted and defendant ordered to fully and expeditiously respond to all discovery requests at
9  issue.

        F.   Policies and Procedures (Interrog. No. 10 and RFP Nos. 5, 27)

11  Through these discovery requests, plaintiff seeks policies and procedures from defendant
12  related to telemarketing.  Id. at 9.  Defendant responds that it stands on its objections, and
13  "[s]ubject to and without waiving its objections, Defendants will produce any documents in its
14  possession which may be responsive to this category of requests."  The court construes this vague
15  and noncommittal response as a non-opposition.  The motion to compel will be granted and
16  defendant ordered to fully and expeditiously respond to all discovery requests at issue.

        G.   Documents Related to Plaintiff (RFP No. 3)

18  Plaintiff seeks production of documents related to plaintiff or his telephone number, which
19  he contends defendant already promised to produce.   ECF No. 21 at 9.  Defendant again writes
20  that it stands on its objections but without waiving objections, will produce responsive
21  documents.  Once again, the court construes this as a non-opposition.  The motion to compel will
22  be granted and defendant ordered to fully and expeditiously respond to the discovery request at
23  issue.

        H.   Recordings (RFP Nos. 4, 18)

25  Plaintiff seeks exemplars of any recorded messages that have been transmitted during
26  calls.  ECF No. 21 at 10.  Plaintiff asserts the discovery goes to commonality and typicality for
27  class certification purposes.  Defendant writes that it stands on its objections but without waiving
28  objections, will produce responsive documents that "relate to Plaintiff" but does not provide any

argument with respect to limiting the scope of production to plaintiff. The court is not persuaded that any such limitation is justified. The motion to compel will be granted and defendant ordered to fully and expeditiously respond to the discovery request at issue.

### III.   Conclusion

Plaintiff's motion to compel (ECF No. 20) is GRANTED in full and defendant is ORDERED to fully respond to each interrogatory and requests for production at issue no later than June 13, 2025. The court emphasizes that defendant may not withhold any responsive documents for any reason (including relevance) except on the basis of privilege or work product doctrine, and any documents withheld on those bases must be adequately documented in a privilege log. Failure to timely respond to discovery requests may result in sanctions.

Further, Fed. R. Civ. P. 34(a)(5)(A) states that if a motion to compel is granted, the court must, after giving the opposing party an opportunity to be heard, award reasonable expenses to the prevailing party, including attorney's fees, unless certain circumstances make such an award unjust. Plaintiff's counsel did not include a fee or costs requests in her motion. Should she wish to file a motion for fees and costs, she may do so within 10 days of this order.

IT IS SO ORDERED.

DATED: June 5, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE